Tionna Dolin (SBN 299010)
tdolin@slpattorney.com
Anh Nguyen (SBN 281925)
anguyen@slpattorney.com
STRATEGIC LEGAL PRACTICES
A PROFESSIONAL CORPORATION
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiffs JEFFRY KLAWITER and MARY KLAWITER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY KLAWITER and MARY KLAWITER,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; ENCINITAS FORD; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-01889-WHO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>Date: June 19, 2019<br>Time: 2:00 p.m.<br>Place: Courtroom 2 – 17th Floor |

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................................... 1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................................ 2

    A.  The Nature of Plaintiffs' Claims ................................................................................... 2

    B.  Plaintiffs' State Court Complaint and Subsequent Removal ....................................... 3

III. DEFENDANTS HAVE FAILED TO CARRY THEIR HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER ........................................................................ 3

    A.  Encinitas Ford is an Indispensable Party and Not a Sham Defendant ........................ 4

        1.  Encinitas Ford is Indispensable to This Litigation ............................................. 5

        2.  Plaintiffs' Implied Warranty Claim is Not Time-Barred ..................................... 7

    B.  Defendants Did Not Carry Their Heavy Burden of Showing That the Amount in Controversy Exceeds $75,000 ................................................................................ 12

    C.  Defendants Did Not Carry Their Heavy Burden of Demonstrating That Plaintiffs are Citizens of California ........................................................................................... 14

IV. CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*A & B Painting & Drywall, Inc. v. Superior Court*, 25 Cal. App. 4th 349 (2002)........................10

*Aced v. Hobbs–Sesack Plumbing Co.*, 55 Cal.2d 573 (1961) ....................................................9, 10

*Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176 (9th Cir. 1989) ..............................7

*Audo v. Ford*, 2018 WL 3323244 (S.D. Cal. July 6, 2018) .........................................................11

*Blowers v. Ford Motor Company*, 2018 WL 654415 (C.D. Cal. Jan. 31, 2018) ...................2, 5, 6

*Boyer v. Snap–On Tools Corp.*, 913 F.2d 108 (3rd Cir.1980) .........................................................4

*Bravo v. Foremost Insurance Group*, 1994 WL 570643 (N.D. Cal. Oct. 11, 1994).......................4

*Calero v. Unisys Corp.*, 271 F.Supp. 2d 1172 (N.D. Cal. May 19, 2003) ......................................4

*Cardenas v. Ford Motor Company*, 2018 WL 2041616 (C.D. Cal. Apr. 23, 2018) .....................12

*Cavale v. Ford Motor Co.*, 2018 WL 3811727 (E.D. Cal., Aug. 9, 2018) ...............................5, 12

*Chipley v. Ford Motor Co.*, 2018 WL 1965029 (N.D. Cal. Apr. 26, 2018).........................5, 9, 11

*Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404 (C.D. Cal. Dec. 19, 2016) ....1, 6

*Diaz v. Allstate Ins. Group*, 185 F.R.D. 582 (S.D. Cal. 1998).......................................................4

*Donlen v. Ford Motor Company*, 217 Cal. App .4th 138 (2013)....................................................9

*Ehrlich v. BMW of North America, LLC*, 801 F.Supp.2d 908 (C.D. Cal. Aug. 11, 2010).............9

*Falco v. Nissan North America Inc.*, 2013 WL 5575065 (C.D. Cal. Oct. 10, 2013) ......................9

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992)...................................................................3, 13

*Good v. Prudential Insurance Company of America*, 5 F.Supp.2d 804 (N.D. Cal. 1998).............4

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (2007)...........................................................13

*Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153 (9th Cir. 1992)...................................7

*Jekowsky v. BMW of North America*, 2013 WL 6577293 (N.D. Cal. Dec. 13, 2013) ...................9

*Jimenez v. Ford Motor Company*, 2018 WL 2734848 (C.D. Cal. June 5, 2018).........................12

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001) ....................................................14

*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983) ............................................14

*Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205 (1991) ...................................8, 9

*Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal.1979), aff'd, 710 F.2d 549 (9th Cir.1983) ..............4

*Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506 (N.D. Cal. Dec. 11, 1996) ....................4

*Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008)........................3

*Majdipour v. Jaguar Land Rover North America, LLC*, 2013 WL 5574626 (D.N.J. Oct. 9, 2013) ..................................................................................................................................................9

*Malaivanh v. Humphreys Coll.*, 2017 WL 3503386 (E.D. Cal. Aug. 16, 2017)............................7

*Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205 (C.D. Cal. Feb. 9, 2017) ....................15

*Mills v. Forestex*, 108 Cal. App. 4th 625 (2003)............................................................................9

*Parenteau v. General Motors LLC*, 2015 WL 1020499 (C.D. Cal. Mar. 5, 2015) ........................9

*Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948 (N.D. Cal. May 3, 2016)..............................................................................................................................................12

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999) ...........................................3

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir.1998)...........................................................4

*Sabag v. FCA US, LLC*, 2016 WL 6581154 (C.D. Cal. Nov. 7, 2016).......................................1, 6

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996))..........................................13

*Sandhu v. Volvo Cars of North America, LLC*, 2017 WL 403495 (N.D. Cal. Jan. 31, 2017) ... 1, 6

*Sater v. Chrysler Corp. LLC*, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ..................................9

*Scott v. Breeland*, 792 F.2d 925 (9th Cir. 1986) ............................................................................3

*Torres v. Ford Motor Company*, 2018 WL 4182487 (S.D. Cal. Aug. 30, 2018) ...........................6

*Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132 (C.D. Cal. 2016)...........................3, 5

*Watson v. Ford Motor Company*, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018).........................6

**STATUTES**

28 U.S.C. § 1332 ...........................................................................................................................14

28 U.S.C. § 1447(c).........................................................................................................................3

Cal. Civ. Code § 1795.6 ................................................................................................................10

Cal. Civ. Code §§ 1790 *et seq.* ......................................................................................................1

Cal. Comm. Code § 2725(2) ................................................................................................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

## I.     INTRODUCTION

Plaintiffs Jeffry Klawiter and Mary Klawiter filed this action on March 1, 2019 in the Santa Clara Superior Court. The complaint alleges that Defendant Ford Motor Company ("Ford") and Defendant Encinitas Ford, Ford's authorized dealership, violated California's Lemon Law (the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*) by selling a defective vehicle to Plaintiffs, failing to repair the vehicle within a reasonable number of attempts, refusing to repurchase the vehicle even though Ford was aware of the defects, breaching the express warranty, and breaching the implied warranty of merchantability.

Encinitas Ford is a non-diverse defendant, and therefore, under the overwhelming weight of authority, its inclusion in Plaintiffs' state court complaint precludes the exercise of diversity jurisdiction. Defendants' notice of removal, however, seeks an end-run around this well-settled law. In its notice of removal, Defendants argue that Encinitas Ford has been fraudulently joined because Plaintiffs' implied warranty claim against Encinitas Ford is time-barred. According to Defendants, because Encinitas Ford has been "fraudulently joined," its presence in this action may be ignored for the purposes of the diversity analysis (notwithstanding the fact that it is a non-diverse defendant). Further, Defendants argue that even if Encinitas Ford is not a "sham defendant," it is a "dispensable party" who can be severed from this action.

The California district courts have repeatedly, uniformly, and roundly rejected Defendants' arguments. By this, Plaintiffs do not mean simply that the courts have rejected analogous arguments raised by other automobile manufacturers (though, of course, the courts routinely do).[1] Instead, Plaintiffs mean that ***Ford itself*** frequently raises these arguments in its notices of removal, and the federal courts do not hesitate to reject them (and then remand the cases to state court). Indeed, a whole body of remand jurisprudence has arisen around Ford's numerous failed attempts to remove cases to

---

[1] *See, e.g., Sandhu v. Volvo Cars of North America, LLC*, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017); *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016); *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016); *Forward-Rossi v. Jaguar Land Rover North America, LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016).

federal court based on its misguided "fraudulent joinder" and "dispensable party" theories.[2] Even so, Defendants have elected to raise the same arguments again here. For the same reasons that other courts uniformly reject those arguments, this Court should also find that Defendants have failed to meet their "immense" burden of demonstrating "fraudulent joinder."

Defendants' removal was improper for other, independent reasons as well. For instance, Defendants have not carried their heavy burden of demonstrating that (1) the amount in controversy exceeds $75,000 or that (2) Plaintiffs are "citizens" of California.[3] Accordingly, the Court should remand this action to Santa Clara Superior Court.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Nature of Plaintiffs' Claims

On or about September 5, 2009, Plaintiffs purchased a 2009 Ford F-150 (the "Vehicle") from Defendant Encinitas Ford. (Dkt. No. 1-1 [Compl.] ¶ 8.) In connection with the purchase, Plaintiffs received an express written warranty, including an express bumper-to-bumper warranty and powertrain warranty covering the engine and transmission, in which Ford undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. (*Id.* ¶ 9.) The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Ford's representative and the Vehicle would be repaired. (*Id.*)

During the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the Vehicle's engine and transmission. (*Id.* ¶ 10.) These defects substantially impair the use, value, or safety of the Vehicle. (*Id.*)

---

[2] *See, e.g., Less v. Ford Motor Co.*, 2018 WL 4444509 (S.D. Cal. Sept. 18, 2018); *Torres v. Ford Motor Company*, 2018 WL 4182487 (C.D. Cal. Aug. 30, 2018); *Watson v. Ford Motor Company*, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018); *Cavale v. Ford Motor Company*, 2018 WL 3811727 (E.D. Cal. Aug. 9, 2018); *Jimenez v. Ford Motor Company*, 2018 WL 2734848 (C.D. Cal. June 5, 2018); *Chipley v. Ford Motor Co.*, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018); *Cardenas v. Ford Motor Company*, 2018 WL 2041616 (C.D. Cal. Apr. 23, 2018); *Blowers v. Ford Motor Company*, 2018 WL 654415, at *5 (C.D. Cal. Jan. 31, 2018); *Audo v. Ford Motor Company*, 2018 WL 3323244 (S.D. Cal. July 6, 2016).

[3] Plaintiffs' Motion to Remand is based on Defendants' failure to meet their burden of proof for invoking this Court's jurisdiction. Plaintiffs, however, are not taking any position here on the total amount of damages recoverable in this case and do not waive any arguments concerning the total amount of damages.

Ford and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. (*See id.* ¶ 11.) Despite this fact, Ford failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by the Lemon Law. (*Id.*)

### B.   Plaintiffs' State Court Complaint and Subsequent Removal

On March 1, 2019, Plaintiffs filed their complaint in the Santa Clara Superior Court. (Dkt. No. 1-1 [Compl.].) The state court complaint named both Ford and Encinitas Ford as defendants. (*See id.*) On April 8, 2019, Defendants filed a notice of removal of this action on diversity grounds. (Dkt. No. 1 [Def.'s Not. of Removal].) This, despite the fact that Encinitas Ford is a non-diverse defendant. (*See* Def.'s Not. of Removal ¶ 36 [Defendants conceding that "Defendant Encinitas Ford is a California citizen …."].)

## III.   DEFENDANTS HAVE FAILED TO CARRY THEIR HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). *See also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[F]ederal courts are particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132, 1134 (C.D. Cal. 2016).

Defendants have fallen far short of carrying their heavy burden of proof of showing that removal was proper. First, Encinitas Ford is plainly not a "sham" defendant, as the overwhelming weight of authority makes clear. Second, Defendants have not shown that the amount in controversy exceeds $75,000. Third, Defendants have not shown that Plaintiffs are citizens of California.

///

///

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

### A. Encinitas Ford is an Indispensable Party and Not a Sham Defendant

As the Ninth Circuit has observed, "fraudulent joinder is a term of art. If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

As a matter of general principle, however, courts generally employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Group*, 185 F.R.D. 582, 586 (S.D. Cal. 1998) (citing *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996).) This presumption is often expressed by a series of requirements placed upon the moving party. *Diaz*, at 586. First, defendants who assert fraudulent joinder carry a heavy burden of persuasion. *Id.* The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. *Id.* (citing *Good v. Prudential Insurance Company of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)).[4]

Second, it must appear to a near certainty that joinder was fraudulent. *Diaz*, at 586 (citing *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D.Cal.1979), aff'd, 710 F.2d 549 (9th Cir.1983)). This occurs if the plaintiff has no actual intention to prosecute an action against those particular resident defendants. *Id.* (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1980)).

Third, merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder. *Diaz*, at 586. The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so. *Diaz*, at 586 (citing *Lieberman*, 1996 WL 732506, at *3). The failure to state a claim must be obvious according to the settled law of the state. *Bravo v. Foremost Insurance Group*, 1994 WL 570643, at * 2 (N.D. Cal. Oct. 11, 1994). In other words, defendant must be able to show that the individuals joined in the action cannot be liable under *any* theory. *Calero v. Unisys Corp.*, 271 F.Supp. 2d 1172, 1176 (N.D. Cal. May 19, 2003) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998)). Finally, in resolving

---

[4] Plaintiffs' motives for joining a non-diverse defendant do not form any part of the sham joinder analysis. *See Diaz*, *supra*, at 185 F.R.D. at 586 (holding that a defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal).

the issue, the court must evaluate plaintiffs' allegations in the light most favorable to plaintiffs; must resolve all contested issues of substantive fact in favor of plaintiffs; and must further resolve all ambiguities of the state law in favor of the plaintiffs. *Bravo*, 1994 WL 570643, at * 2; *and see Diaz*, at 586.

The Central District has summarized this "immense burden" as follows:

> Let's summarize everything [defendants] have to overcome here. They bear the burden of establishing this Court's jurisdiction, since they're the parties asserting that the jurisdiction exists. . . . They must show that [plaintiffs] "could not *possibly*" recover against [defendant]. . . . They must make that showing with the Court resolving "*all* disputed questions of fact and *all* ambiguities in the controlling state law ... in the plaintiffs favor" *Id.* (emphases added). The [plaintiffs'] failures on this front must be "obvious." . . . . If there are *any* doubts, the defendant loses. *See Gaus*, 980 F.2d at 566.

*Warner*, *supra*, 193 F.Supp.3d at 1136-37 (emphasis in original) (holding that defendants had failed to carry their burden of showing that removal was appropriate and remanding the action to state court).

If the defendant is not fraudulently joined, the case should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

1. <u>Encinitas Ford is Indispensable to This Litigation</u>

Defendants' suggestion that Encinitas Ford is a "dispensable party" is woefully misguided, and studiously ignores the overwhelming weight of authority, which is directly to the contrary.

Here, Plaintiffs have alleged an implied warranty claim against the dealership, Encinitas Ford. Time and again, courts have found that implied warranty claims against dealerships are valid, that the dealerships are indispensable to the litigation, and that the dealerships were therefore not fraudulently joined. *See, e.g.*, *Less v. Ford Motor Co.*, 2018 WL 4444509, at *2 (S.D. Cal. Sept. 18, 2018); *Cavale v. Ford Motor Co.*, 2018 WL 3811727, at *4 (E.D. Cal., Aug. 9, 2018); *Chipley v. Ford Motor Co.*, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018); *Blowers v. Ford Motor Company*, 2018 WL 654415, at *5 (C.D. Cal. Jan. 31, 2018); *Torres v. Ford Motor Company*, 2018 WL 4182487, at *2 (S.D. Cal.

Aug. 30, 2018); *Watson v. Ford Motor Company*, 2018 WL 3869563, at *3 (N.D. Cal. Aug. 15, 2018); *Sandhu v. Volvo Cars of North America, LLC*, 2017 WL 403495, at *4 (N.D. Cal. Jan. 31, 2017); *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016); *Sabag v. FCA US, LLC*, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016). *See also Forward-Rossi v. Jaguar Land Rover North America, LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016).

Indeed, where the claims against the manufacturer and dealership arise from the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair the vehicle, the California district courts have held that the dealership is ***necessary for just adjudication***. *Sabag*, at *4 ("…the Court finds that it cannot be said that SFMC is only "tangentially related" to the existing claims against FCA; rather, SFMC is directly related to these claims for relief, and was, allegedly, a direct participant in the conduct which gives rise to plaintiff's existing claims against FCA.").

*Blowers* is instructive:

> Plaintiffs' claim for relief against Santa Maria Ford [the dealership] arises out of the same transactions as their claims against Ford Motor Co. Indeed, the claims against both of these defendants involve the same vehicle, the same alleged defects in the vehicle, and the same unsuccessful attempts to repair the vehicle. As Plaintiffs point out, resolution of these claims will likely require many of the same documents and witnesses and may implicate many of the same factual and legal issues. Thus, the Court concludes that Santa Maria Ford was a direct participant in the conduct that gives rise to Plaintiffs' current claims against Ford Motor Co. and, therefore, is directly related to the causes of action against Ford Motor Co. Accordingly, this factor weighs in favor of permitting joinder.

*Blowers*, at *4. *And see Forward-Rossi*, at *3.

These facts are nearly identical to those here. Encinitas Ford is the dealership that sold the Vehicle to Plaintiff. Plaintiffs' claims against Ford and Encinitas Ford involve the same Vehicle, the

1  same alleged defects, and the same protracted and, ultimately unsuccessful attempt to repair the Vehicle.
2  Resolution of those claims would likely require many of the same documents and witnesses and turn on
3  many of the same legal and factual questions. Accordingly, Encinitas Ford is necessary to the
4  adjudication of this action.
5    In short, Defendants have failed to demonstrate that Encinitas Ford is a "dispensable party."[5]

### 2. Plaintiffs' Implied Warranty Claim is Not Time-Barred

Defendants contend that Encinitas Ford is a "sham defendant" because Plaintiffs' implied warranty claim is barred by the statute of limitations. The California district courts, however, have repeatedly rejected this argument, finding, under facts identical to those here, that one or more tolling doctrines applied to plaintiffs' implied warranty claims.

Under the *Erie* doctrine, state law statute of limitations and tolling rules apply in both federal question and diversity cases. *Malaivanh v. Humphreys Coll.*, 2017 WL 3503386, at *2 (E.D. Cal. Aug. 16, 2017). When determining what California tolling rules require, the court is bound by the decisions of the highest state court. *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 154 (9th Cir. 1992). If the state's high court has not decided an issue, the court must predict how that court would resolve it. *Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd.*, 880 F.2d 176, 186 (9th Cir. 1989) (citations omitted).

Here, multiple, independent state law tolling doctrines have tolled Plaintiffs' implied warranty claim against Encinitas Ford, including the delayed discovery rule and repair doctrine.

---

[5] Defendants may also argue in their anticipated opposition that Plaintiffs' implied warranty claim is not valid because Encinitas Ford purportedly has a statutory right to indemnity from Ford under the Song-Beverly Act. The California district courts have rejected exactly this argument, finding that the right to indemnity does not invalidate an implied warranty claim. *See Sandhu*, at **4-5; *Delafontaine*, at *3; and *Sabag*, at *6. *And see Blowers*, at *5 ("The Court[] agrees with the three other decisions in this district that have found that a claim against a dealership for breach of the implied warranty of merchantability is a facially valid claim."); *Cardenas*, at *1 ("Ford Motor Company's only other argument is that Worthington Ford is an "unnecessary defendant" because relief could be had from Ford Motor Company. This, of course, does not make Worthington Ford a fraudulently joined defendant if Plaintiffs have pleaded a claim against it even if they did not have to plead such a claim.").

Thus, contrary to Defendants' suggestion, Plaintiffs' implied warranty claim is not time-barred.

### a. The Delayed Discovery Rule Applies Here

As made clear by the plain language of California Commercial Code § 27252(2) and the holdings of *Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205 (1991) and its progeny, the statute of limitations for a breach of warranty does not begin to run until the discovery of the breach. California Commercial Code § 2725(2) states that a cause of action accrues when tender of delivery is made, but "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." Cal. Comm. Code § 2725(2).

The import of subdivision (2) and the "future performance" exception was explained in *Krieger*, 234 Cal. App. 3d 205. In *Krieger,* the court, in reversing the trial court's order granting summary judgement, found that the exception applied to plaintiff's Song-Beverly Act claims when a dealer promised to repair an automobile within 36 months of its purchase or during the first 36,000 miles of its use. *Id.* at 216-17. The court held that the four-year limitations period of California Uniform Commercial Code section 2725 did not begin to run until the buyer reasonably knew that this promise would not be fulfilled. *Id.* at 218. In other words, when a warranty, such as Ford's express warranty, explicitly extends to future performance of the goods, the warranty term is tolled until the breach is discovered. *See id.*

In reaching this conclusion, the *Krieger* court considered the policies underlying the Song-Beverly Act:

> If we adopted the position urged by respondent and held that a cause of action for breach of express warranty accrues on tender of delivery, before the seller has an opportunity to repair any defects, we would undermine the legislative purpose that the parties attempt to resolve any deficiencies in performance before resorting to the remedies provided in the Act.

*Krieger*, 234 Cal. App. 3d at 218-19.[6]

In the case of a Song-Beverly Act claim, a plaintiff cannot "know" of the breach of the warranty until the defects manifest again during a repair visit *outside of the express warranty period*. Only after the defects manifest during an out-of-warranty repair visit does the plaintiff "know" that the vehicle has not been repaired consistent with the express warranty. *See Krieger v. Nick Alexander Imports, Inc.*, 234 Cal. App. 3d 205 (Cal. Ct. App. 1991); *Donlen v. Ford Motor Company*, 217 Cal. App .4th 138, 148-49 (Cal. Ct. App. 2013) (evidence of "non-warranty repair" has a tendency to put the consumer on notice and "establish that the transmission was not fully repaired in conformance with the express warranty" during the warranty's existence.").

Here, Plaintiff purchased a 2009 Ford F150 on or about September 5, 2009. (Compl. ¶ 8.) Ford directly issued an express warranty in connection with the Vehicle's purchase. (*Id*. at ¶ 9.) Thus, the ***earliest*** a reasonable person could have discovered the vehicle's defects was after Defendant failed to fix the defects after a reasonable number of repair attempts. Plaintiffs allege in their Complaint that "Plaintiff discovered Defendant's wrongful conduct alleged herein after Defendant failed to successfully repair the Subject Vehicle over the course of numerous repair visits, at or around the time that he requested a buyback of the Vehicle from Defendant in or around October 2018." (*Id*. at ¶ 41.) It is illogical to think the statute of limitations could begin *only* at the time of sale of the Vehicle. Plaintiffs believed the Vehicle was in merchantable condition and free

---

[6] *See also Aced v. Hobbs–Sesack Plumbing Co.*, 55 Cal.2d 573, 585 (1961) ("The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs."); *Mills v. Forestex*, 108 Cal. App. 4th 625, 642, 648-49 (2003) ("[A] cause of action for breach of warranty . . . accrues upon discovery of the breach."); *Donlen v. Ford Motor Company*, 217 Cal. App .4th 138, 148-49 (2013) (evidence of "non-warranty repair" has a tendency to put the consumer on notice and "establish that the transmission was not fully repaired in conformance with the express warranty" during the warranty's existence.").

Federal courts have adopted the reasoning in *Krieger*. *Chipley*, *supra*, 2018 WL 1965029, at *3; *Parenteau v. General Motors LLC*, 2015 WL 1020499, at **11-12 (C.D. Cal. Mar. 5, 2015); *Sater v. Chrysler Corp. LLC*, 2015 WL 736273, at **6-7 (C.D. Cal. Feb. 20, 2015); *Ehrlich v. BMW of North America, LLC*, 801 F.Supp.2d 908, 924-25 (C.D. Cal. Aug. 11, 2010); *Jekowsky v. BMW of North America*, 2013 WL 6577293, **3-4 (N.D. Cal. Dec. 13, 2013); *Falco v. Nissan North America Inc.*, 2013 WL 5575065, at *10 (C.D. Cal. Oct. 10, 2013). *See also Majdipour v. Jaguar Land Rover North America, LLC*, 2013 WL 5574626, **22-23 (D.N.J. Oct. 9, 2013).

from defects at the time of sale, and therefore could not have discovered any defect at that time. Because the statute of limitations does not clearly begin on the face of the Complaint, Defendants cannot meet their burden of establishing "that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Diaz*, at 586. Accordingly, Plaintiffs' implied warranty claim against Encinitas Ford is timely, and Encinitas Ford is therefore not a "sham" defendant.

### b. The Repair Doctrine

Section 1795.6 of the California Civil Code states, in pertinent part, as follows:

> Notwithstanding the date or conditions set for the expiration of the warranty period, such warranty period shall not be deemed expired if either or both of the following situations occur: (1) . . . (2) the warranty repairs or service performed upon the nonconforming goods did not remedy the nonconformity for which such repairs or service was performed and the buyer notified the manufacturer or seller of this failure within 60 days after the repairs or service was completed. When the warranty repairs or service has been performed so as to remedy the nonconformity, the warranty period shall expire in accordance with its terms, including any extension to the warranty period for warranty repairs or service.

Cal. Civ. Code § 1795.6. In other words, the statute of limitations is tolled by a defendant's unsuccessful attempts to repair the vehicle. *See Hobbs*, *supra*, 55 Cal.2d at 585 ("The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs."); *A & B Painting & Drywall, Inc. v. Superior Court*, 25 Cal. App. 4th 349, 355 (2002) ("Tolling during a period of repairs rests upon the same basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff upon the words or actions of the defendant that repairs will be made.").

Here, Plaintiffs notified Ford and its representative of the characteristics of the defects each time Plaintiffs delivered the Vehicle for repairs. (*See* Compl. ¶ 26.) Thus, within 60 days of the expiration of

1  the warranty, Plaintiffs necessarily notified Defendant that they had failed to repair the Vehicle.
2  Plaintiffs' claim is therefore tolled by the repair doctrine.

3             *c.  Fraudulent Concealment*

4    Separately, the limitations period was tolled by Defendant's fraudulent concealment of the
5  Drivetrain and Transmission Defects. *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1192
6  (2013) ("The doctrine of fraudulent concealment tolls the statute of limitations where a defendant,
7  through deceptive conduct, has caused a claim to grow stale.") and *Karoutas v. HomeFed Bank*, 232
8  Cal.App.3d 767, 771 (1991) ("a duty to disclose arises at common law if material facts are known only
9  to the defendant and the defendant knows that the plaintiff does not know or cannot reasonably discover
10 the undisclosed facts"). Plaintiffs have sufficiently alleged that Defendant failed to disclose and actively
11 concealed material facts from Plaintiffs, such as the defective nature of the Subject Vehicle, as well as
12 the associated safety consequences. (Compl. ¶¶ 35-48.) This conduct prevented Plaintiffs from
13 discovering the defects, thereby tolling the statute of limitations.

14
15        *d.  The California District Courts Have Previously Rejected Ford's Time-Bar Arguments*

16   Ford has raised these same time-bar arguments under virtually identical circumstances in
17 numerous other cases.  In those cases, as here, Ford argued that the plaintiffs' implied warranty claims
18 against a Ford-authorized dealership were time-barred.  The courts, however, expressly rejected that
19 argument, finding that it was possible that one or more tolling doctrines applied to plaintiffs' claims
20 against the dealerships, that plaintiffs' claims against the dealerships were not time-barred, and that the
21 dealerships were therefore not "sham defendants."  *See Less*, 2018 WL 4444509, at *3 ("The Court finds
22 that it is possible that at least one, if not more, of these tolling doctrines applies and that Plaintiff's claim
23 against Ken Grody is not time-barred."); *Chipley*, 2018 WL 1965029, at *3 (finding "Ford's statute of
24 limitations arguments [were] contrary to applicable California law[,]" that "the claim against Galpin
25 Motors [was] not time barred on its face[,]" and that "Ford [had] failed to meet its burden to show that
26 Galpin Motors is a sham defendant"); *Audo v. Ford*, 2018 WL 3323244, at *2 (S.D. Cal. July 6,  2018)
27 (finding Ford's time-bar argument "problematic in that it completely ignores [the delayed discovery
28 rule]" and holding that plaintiff's tolling allegations were plausible); *Cardenas v. Ford Motor Company*,

11

2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018) ("It is not obvious under the settled law of California that Plaintiffs' claim against Worthington Ford is barred by the statute of limitations."); *Cavale*, 2018 WL 3811727, at *3 ("Upon review, it is possible that at least one, if not more, of these tolling doctrines applies and that Plaintiff's claim against Visalia for breach of implied warranty is not time barred. For example, several courts have found that fraudulent concealment tolling applies to implied warranty of merchantability claims."); *Jimenez v. Ford Motor Company*, 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) ("As multiple district courts have recognized, equitable tolling principles−including fraudulent concealment tolling−apply to the statute of limitations for implied warranty of merchantability claims.") (collecting cases). *See also Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 1745948, at *14 (N.D. Cal. May 3, 2016) ("A number of other courts have found that, when properly pleaded, fraudulent concealment tolls the statute of limitations for claims brought under the Song-Beverly Act.") (collecting cases).

Further, the courts held that even if the tolling allegations were not sufficiently pleaded, Ford had not shown that plaintiffs would not be able to amend their complaints to allege a viable tolling theory. *See Cavale*, 2018 WL 3811727, at *3; *Less*, 2018 WL 4444509, at *3 ("Even if the allegations concerning tolling are not sufficiently pleaded, Ford has not shown that Plaintiff would be unable to amend his complaint to allege a viable tolling theory."); *Jimenez*, 2018 WL 2734848, at *2 (stating that "although Ford argues that Plaintiff has not pled sufficient facts to demonstrate that the statute of limitations is tolled as to her claim against United Brothers, the Court cannot conclude that Plaintiff has no possibility of ultimately stating her claim for breach of implied warranty of merchantability").

For the same reasons, Defendants have filed to meet their "immense burden" of establishing that Plaintiffs' claims are time-barred or that Encinitas Ford has been "fraudulently joined." Accordingly, the Court should remand this action to state court.

### B. Defendants Did Not Carry Their Heavy Burden of Showing That the Amount in Controversy Exceeds $75,000

Where it is unclear or ambiguous from the face of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *See*

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).[7] For example, where a plaintiff's complaint estimates damages in the body of complaint, but does not repeat it in the Prayer for Relief, the complaint fails to allege a sufficiently specific total amount in controversy, and the preponderance of the evidence burden of proof therefore falls on the removing defendant. *Guglielmino*, 506 F.3d at 701.

Here, Plaintiffs allege in Paragraph 13 in the body of the complaint that they "suffered damages in a sum to be proven at trial in an amount not less than $25,001.00." (*See* Dkt. No. 1-1 ¶ 13.) This allegation, standing alone, does not satisfy the amount in controversy requirement. Moreover, the "Prayer" section of the complaint does not repeat the allegation in Paragraph 13. (In fact, the "Prayer" section does not include any estimate at all.) Accordingly, because it is unclear from the face of the complaint that the threshold is exceeded, Defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Under the preponderance of the evidence burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. *Guglielmino*, 506 F.3d at 701. In the absence of record evidence on this point, a defendant fails to satisfy its burden of proof. *Sanchez*, 102 F. 3d at 405 (defendant provided the court "with absolutely no evidence" that would allow it to determine the amount in controversy). *Gaus* is instructive:

> Mobay has offered no facts whatsoever to support the court's exercise of jurisdiction. Instead, Mobay simply alleges that "the matter in current controversy ... exceeds the sum of $50,000." This allegation, although attempting to recite some "magical incantation," neither overcomes the "strong presumption" against removal jurisdiction, nor satisfies Mobay's burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000.

*Gaus*, 980 F.2d at 567.

---

[7] The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

Similarly, here, Defendants have failed to identify any specific factual allegations in the complaint that support its argument. In fact, Defendants "double count" civil penalties in an effort to exceed the applicable threshold. As noted above, Plaintiffs allege that they "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." This allegation, however, references Plaintiffs' *total* damages, which include *both* actual damages *and* civil penalties. Even so, Defendants attempt to factor in civil penalties a second time. (Dkt. No. 1 ¶¶ 14-17.) To allow Defendants to do so, however, would be to allow them to impermissibly bootstrap their way to diversity jurisdiction.

Even if, for the sake of argument, Plaintiffs' damage allegations did not already incorporate civil penalties, Defendants still would not have carried their burden. The Song-Beverly Act merely permits a plaintiff to obtain a civil penalty of *up to* two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c). Defendants, however, have proffered no evidence whatsoever that Plaintiffs are entitled to the *maximum* civil penalties allowed—or, indeed, any penalties at all—such that civil penalties plus the ostensible $25,000 in actual damages exceeds $75,000. In short, Defendants have not carried their heavy burden of proof on the amount in controversy.

### C. Defendants Did Not Carry Their Heavy Burden of Demonstrating That Plaintiffs are Citizens of California

To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

In *Metropoulos v. BMW of North America, LLC*, a California District Court recently had occasion to address a notice of removal filed by BMW in a Lemon Law action alleging claims nearly identical to those here. There, as here, the notice of removal asserted that the district court had diversity jurisdiction over the action. The court held, *sua sponte*, that BMW had failed to meet its burden of

demonstrating that plaintiff was a citizen of California and remanded the action to Los Angeles Superior Court:

> Here, the Notice of Removal asserts that Plaintiff, "at the time this action was commenced, was and still is a citizen of the State of California. Specifically, plaintiff was and still is domiciled in Los Angeles County, California." . . . Although Defendant cites Plaintiff's Complaint in support of this allegation, the Complaint makes no reference to Plaintiff's citizenship or domicile. Rather, the Complaint states only that "Plaintiff is a resident of Los Angeles County, California." . . . .
>
> . . . In this case, Defendant has not affirmatively alleged Plaintiff's actual citizenship. Because an individual is not necessarily domiciled where he resides, Defendant's allegation is insufficient to establish that Plaintiff is domiciled in California.

*Metropoulos v. BMW of N. Am., LLC*, 2017 WL 564205, at *1 (C.D. Cal. Feb. 9, 2017).

Defendants' Notice of Removal here relies on the same threadbare set of allegations to establish diversity jurisdiction. To wit, Defendants simply posit, without more, that "Plaintiffs are, and were at the time of filing of the Complaint, citizens of California." (Dkt. No. 1 ¶ 18.) Here, as in *Metropoulos*, the Complaint makes no reference to Plaintiffs' citizenship or domicile. Rather, it states only that Plaintiffs are residents of San Diego County, California. (*See* Dkt. No. 1-1 ¶ 2.) This is, under *Metropoulos*, insufficient to establish that Plaintiffs are California citizens.

## IV. CONCLUSION

For the foregoing reasons, the Court should remand this action to state court.

Dated: May 8, 2019                                         Strategic Legal Practices, APC

                                                           By: /s/ Anh Nguyen
                                                           Anh Nguyen
                                                           Attorneys for Plaintiffs Jeffry Klawiter and
                                                           Mary Klawiter