UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY KLAWITER, et al., <br> Plaintiffs, <br> v. <br> FORD MOTOR COMPANY, et al., <br> Defendants. | Case No. 3:19-cv-01889-WHO <br><br> **ORDER REMANDING CASE AND GRANTING FEES** <br> Re: Dkt. No. 13 |

## INTRODUCTION

Plaintiffs Jeffry and Mary Klawiter filed suit in Santa Clara County Superior Court against defendants Ford Motor Company and Wayne Gossett Ford, Inc. d/b/a/ Encinitas Ford (collectively, "Ford") alleging violations of California's Song-Beverly Consumer Warranty Act. Ford removed the case to federal court on the basis of diversity jurisdiction, arguing that non-diverse defendant Encinitas was fraudulently joined. The Klawiters moved to remand. For reasons that Ford has heard from many courts before this one, Ford has not met its burden to establish federal jurisdiction. I will grant the motion.

## BACKGROUND

On September 5, 2009, the Klawiters purchased a 2009 Ford truck from Encinitas. Complaint ("Compl.") [Dkt. No. 1-1] ¶ 8. The vehicle was covered by an express warranty, and during the period of the warranty's coverage, it developed numerous defects. *Id.* ¶¶ 9–10. Although Ford had a reasonable number of opportunities to repair the truck, it was unable to do so, and yet it refused to provide a replacement or restitution. *Id.* ¶¶ 11–12. The Klawiters allege that Ford knew of but failed to disclose certain defects that existed at the time of sale. *Id.* ¶ 35.

On March 1, 2019, the Klawiters filed a complaint in state court alleging six causes of

1   action, all six against Ford and one against Encinitas.  Ford removed the case to federal district

2   court on April 8, 2019 on the theory that Encinitas's California citizenship should not be

3   considered for purposes of diversity jurisdiction because it was fraudulently joined.  Notice of

4   Removal ("Not.") [Dkt. No. 1] ¶¶ 31–33.  Ford also asserts that the amount in controversy exceeds

5   $75,000 because plaintiffs seek damages of $25,001 along with civil penalties and punitive

6   damages.  *Id.* ¶¶ 14–17.  The Klawiters moved to remand the case to state court on May 8, 2019.

7   Motion to Remand ("Mot.") [Dkt. No. 13-1].

## LEGAL STANDARD

A defendant may remove a case from state to federal court by filing a notice of removal that lays out the grounds for removal.  28 U.S.C. § 1441(a).  The district court must remand the case to state court if it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The burden of establishing federal jurisdiction lies with the party asserting it.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

## DISCUSSION

Ford removed this case on the basis of diversity jurisdiction, asserting that non-diverse defendant Encinitas does not defeat federal jurisdiction because it was fraudulently joined.  Not. ¶¶ 31–33.  It argues that the statute of limitations bars the implied warranty claim against Encinitas.  *Id.*  The Klawiters counter that their claim is not barred because several tolling theories apply.  Mot. 7–12; *see* Compl. ¶ 7.

Diversity jurisdiction only exists if there is complete diversity among the parties, meaning that no plaintiff shares citizenship with any defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  But "[a] district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citation omitted).  Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action

against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Defendants who remove in reliance on this theory carry a "heavy burden" because of the "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). They must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), and that "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant," *Good v. Prudential Insurance Company of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). They can show fraudulent joinder by presenting "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims" against the non-diverse defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). But defendants have not met the burden to show fraudulent joinder where they raise "a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49. "All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Ford has not met its burden to show that Encinitas cannot be liable under any theory. As the cases cited here show, Ford makes the same arguments that several courts have rejected in prior cases. It first asserts that the Klawiters implied warranty claim expired in 2013, four years after their September 5, 2009 purchase of the vehicle, and that the delayed discovery rule does not apply. Not. ¶¶ 28–29; Opposition ("Oppo.") [Dkt. No. 14] 8–9. But "[u]nder the Song-Beverly Act, the implied warranty of merchantability extends for a period of one year after delivery (not from the date of purchase), and the time for bringing an action is four years from the breach." *Chipley v. Ford Motor Co.*, No. 18-CV-01161-YGR, 2018 WL 1965029, at *3 (N.D. Cal. Apr. 26, 2018) (citing *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1308–09 (2009)); *see also Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (noting that federal courts must follow *Mexia*'s decision on this question of state law). "Further, the statute of limitations on a claim for breach of implied warranty may be tolled." *Less v. Ford Motor Co.*, No. 18CV1992,

3

2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018).

The complaint sets forth the following possible theories of tolling: (i) equitable tolling, (ii) class action tolling, (iii) the discovery rule, (iv) the fraudulent concealment rule, (v) equitable estoppel, (vi) equitable tolling, and/or (vii) the repair rule. Compl. ¶ 7. Ford asserts that none of these doctrines applies and faults the Klawiters for failing to allege sufficient facts in the complaint to support of their tolling theories. *See* Not. ¶ 31; Oppo. 9–10. But "[t]he standard for demonstrating fraudulent joinder is a high one, and the relevant question is whether it is *possible* for Plaintiff to state a claim against [the defendant], not whether it has been sufficiently pled."[1] *Cavale v. Ford Motor Co.*, No. 118CV00680LJOBAM, 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018) (emphasis in original); *see also Less v. Ford Motor Co.*, No. 18CV1992, 2018 WL 4444509, at *3 (S.D. Cal. Sept. 18, 2018) ("Even if the allegations concerning tolling are not sufficiently pleaded, Ford has not shown that Plaintiff would be unable to amend his complaint to allege a viable tolling theory."). As is well documented in cases that Ford has attempted to remove in the past, the question before me is not whether Ford's statute of limitations arguments or teh Klawiters' tolling arguments will ultimately be successful. Instead, I must decide whether it is clear at this stage that the Klawiters have no chance of pressing forward with their claims against Encinitas. Ford has not met its burden to make that showing.[2]

As a last-ditch effort, Ford argues that I should remove Encinitas as a party pursuant to Federal Rule of Civil Procedure 21 because the Klawiters can obtain all the relief they seek from Ford and because Ford is statutorily obligated to indemnify Encinitas against liability. Not. ¶ 36; Oppo. 10–11. In considering the necessity of parties in the joinder context, courts have rejected these same arguments. *See Chipley*, 2018 WL 1965029, at *2 ("[N]umerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act."); *Watson v. Ford Motor Co.*, No.

---

[1] I also note that several paragraphs of the complaint are dedicated to the Klawiters' theory of fraudulent concealment. *See* Compl. ¶¶ 35–42.

[2] Because I will grant the motion on other grounds, I do not reach the Klawiters' challenges to Ford's showing on the amount in controversy or plaintiffs' California citizenship. *See* Mot. 12–15.

4

18-CV-00928-SI, 2018 WL 3869563, at *4 (N.D. Cal. Aug. 15, 2018) (noting that "courts in this District have held that auto dealerships may be necessary for adjudication of state law claims"); *Sandhu v. Volvo Cars of N. Am., LLC*, No. 16-CV-04987-BLF, 2017 WL 403495, at *2 (N.D. Cal. Jan. 31, 2017) (rejecting the argument that a dealership was not needed because of the manufacturer's obligation to indemnify it). Ford's arguments are unpersuasive.

Given the number of times courts have rejected these same arguments—as presented by Ford itself—the Klawiters are entitled to their actual expenses, including attorney fees, associated with Ford's removal of this case. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

**CONCLUSION**

For the reasons set forth above, Ford has not established a basis for federal jurisdiction. The Klawiters' motion is GRANTED, and this case is REMANDED to the Superior Court of California, County of Santa Clara. Ford is ORDERED to pay plaintiffs the expenses they incurred as a result of removal. The June 19, 2019 hearing on the motion is VACATED.

**IT IS SO ORDERED.**

Dated: June 14, 2019

William H. Orrick
United States District Judge